UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARK MAJORS,

        Petitioner,               Case No. 1:19-cv-593

v.                                          Honorable Hala Y. Jarbou

SHANE JACKSON,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Respondent has filed an answer (ECF No. 10), along with the state-court record (ECF No. 11), pursuant to Rule 5, Rules Governing Section 2254 Cases. After reviewing the state court record, I conclude that the petition is barred by the one-year statute of limitations.

**I. Factual Allegations**

        Petitioner Mark Majors is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan. Following a jury trial in the Chippewa County Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct (CSC-I) in violation of Michigan Compiled Laws Section 750.520b and one count of accosting a child for immoral purposes in violation of Michigan Compiled Laws Section 750.145a. On October 25, 2012, the court sentenced Petitioner as a habitual offender-fourth offense to concurrent prison terms of 45 to 60 years for each CSC-I count and 4 to 15 years for accosting a child.

Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 3, 2015. Petitioner did not petition for certiorari to the United States Supreme Court. Petitioner filed a motion for relief from judgment in the Chippewa County Circuit Court on May 4, 2016. The trial court denied relief by order entered August 11, 2016. (ECF No. 11-23.) Petitioner sought reconsideration. The trial court denied reconsideration by order entered January 17, 2017. (ECF No. 11-25.) Petitioner applied for leave to appeal in the Michigan Court of Appeals and, then, in the Michigan Supreme Court. The supreme court denied leave by order entered September 12, 2018. (ECF No. 11-29 at PageID.2279.)

On July 12, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on July 12, 2019. (Pet., ECF No. 1, PageID.31.)

## II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's application on February 3, 2015. Although Petitioner did not petition for certiorari to the United States Supreme Court, the one-year limitations period did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 4, 2015.

Petitioner had one year from May 4, 2015, to file his habeas application. Petitioner filed his application on July 12, 2019. Obviously, he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed his motion for relief from judgment on May

3

4, 2016—the last day in his period of limitation. The trial court denied relief by order entered August 11, 2016 and denied reconsideration on January 17, 2017. Petitioner applied for leave to appeal in the Michigan Court of Appeals and, then, in the Michigan Supreme Court. The Michigan Supreme Court denied leave by order entered September 12, 2018. Accordingly, the period of limitation was tolled by statute until September 12, 2018. Petitioner did not file his petition the next day; therefore, his period of limitation expired.

### III.  Equitable Tolling

The one-year limitations period applicable to Section 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner, recognizing that his petition is untimely, asks the Court to equitably toll the statute of limitations for a sufficient period to render the petition timely. (Pet'r's Resp., ECF No. 12 at PageID.2285.) Petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (2003). Thus, he must show the diligent pursuit of his

rights and an extraordinary circumstance that stood in his way. Moreover, Petitioner must demonstrate a causal link between the extraordinary circumstance and the untimely filing. *Ata v. Scutt*, 662 F.3d 736, 741-42 (6th Cir. 2011). To meet that burden, Petitioner tracks the progress of his efforts to overturn his convictions after they became final, identifying circumstances that he contends warrant equitable tolling of the statute of limitation.

First, Petitioner notes that he was hospitalized at the time the Michigan Supreme Court denied leave to appeal on his direct appeal. For that reason, Petitioner did not receive that order until May 15, 2015—101 days after the order was entered and 11 days after his period of limitation began to run. (*Id.* at PageID.2285–86.)

Second, Petitioner is legally blind. (ECF No. 3 at PageID.113; ECF No. 12 at PageID.2286.) Petitioner filed his motion for relief from judgment with the assistance of a fellow prisoner; he amended the motion with the assistance of a legal writer at the Lakeland Correctional Facility; he filed his application for leave to appeal in the court of appeals with the assistance of a legal writer at the Macomb Correctional Facility; and he filed his application for leave to appeal in the Michigan Supreme Court with the assistance of a legal writer at the Alger Correctional Facility. (ECF No. 12 at PageID.2286–87.) Thereafter, Petitioner was transferred to LRF.

Third, Petitioner's initial request for legal writer assistance at LRF was denied. He appealed. Petitioner was not approved to receive assistance until October 31, 2018, seven weeks after the supreme court had denied his request for leave to appeal the decision denying his motion for relief from judgment. (*Id*.at PageID.2287.)

Fourth, the legal writer program at LRF did not give Petitioner's case priority. Two days after Petitioner was approved for assistance, a prisoner legal writer interviewed Petitioner. The legal writer prepared the petition and, because the petition was late, prepared a motion for equitable

5

tolling as well. But the program did not complete the petition until June of 2019. (*Id.* at PageID.2287–88.) Petitioner, through the legal writer, explains: "Because I complete pleadings for clients based on deadlines, I established high, medium, and low priority case file[s]. [Petitioner] was recorded as a low priority case and therefore, I did not complete [Petitioner]'s petition for writ of habeas corpus and accompanying motion for equitable tolling until June of 2019, given the fact that other clients assigned to me had impending deadlines and took priority of [Petitioner]'s case." (ECF No. 13 at PageID.2296.)

The delay in Petitioner's receipt of the Michigan Supreme Court's order ending his direct appeal, even if it is an extraordinary circumstance, did not cause the late filing here. Petitioner acknowledges he received the order with more than 350 days left in his period of limitation. That left him with ample time to file his petition, even if it was not the entire 365-day period contemplated by the statute.

Petitioner's blindness, and the concomitant reliance on assistance from others, provides a much more compelling reason for the delay. Nonetheless, courts have been hesitant to accept physical or mental disability, or the fact that a petitioner must rely upon others, as an extraordinary circumstance under *Holland* or as a circumstance that might otherwise excuse a late filing. *See, e.g., Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002);[1] *Colwell v. Tanner*, 79 F. App'x

---

[1] Petitioner argues that, instead of relying on *Holland*'s two-part test for equitable tolling, the *Smith* court relied on the Sixth Circuit's now-abrogated five-factor test from *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) ("With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit."). But Petitioner does not argue that *Holland*'s two-part test is somehow more generous in its allowance of equitable tolling than the five-factor *Dunlap* test. Indeed, *Holland*'s "extraordinary circumstance" test is more demanding than the *Dunlap* test. *See Smith v. Warren*, No. 4:18-CV-12760, 2019 WL 3412922, at *4 (E.D. Mich. July 29, 2019) (holding that "the fact that Petitioner had to rely upon legal writers, who are not lawyers, to assist him does not warrant equitable tolling" under *Holland*).

89 (6th Cir. 2003); *Plummer v. Warren*, 463 F. App'x 501, 505-06 (6th Cir. 2012). Indeed, in *Plummer*, the court concluded that because the petitioner was not doing her own legal work, her physical disabilities could not impact the timeliness of her filing; therefore, the physical disabilities could not constitute an extraordinary circumstance, and equitable tolling was not appropriate. *Id*.

Petitioner knew he would have to rely on assistance from others and actually relied on assistance from others because of his blindness. Beyond the need to rely on others, however, Petitioner offers no explanation for how his blindness caused the delay in filing other than to suggest that his blindness caused his ignorance of the law regarding the one-year deadline. But, lack of knowledge regarding the law is not sufficient to constitute an extraordinary circumstance to excuse late filings. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.2d 452, 464 (6th Cir. 2012).

The petition in this case was filed 303 days after the period of limitation expired. The circumstances offered by Petitioner certainly warrant some period of equitable tolling. For example, Petitioner's failure to file while he pursued his appeal of the initial LRF denial of legal writer assistance might warrant some relief. But, entitlement to equitable tolling would be limited to the time during which "the conditions that served to justify equitably tolling the statute of limitations" existed. *Colwell*, 79 F. App'x at 92. Neither Petitioner's blindness nor the delay in approval of his request for assistance justify tolling the statute for months and months after legal writer assistance was approved. The only cause for delay after November 2, 2018, is the legal writer's decision to identify Petitioner's case as a lower priority than other cases ***because*** it was late.

The legal writer's decision to delay Petitioner's case is not an extraordinary circumstance. In *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), and *Colwell*, *supra*, the Sixth Circuit considered whether the period of limitation should be equitably tolled because the petitioners' attorneys

7

decided to wait before filing a pleading. In *Jurado*, the court concluded that a lawyer's mistake was not a valid basis for equitable tolling. In *Colwell*, the court stated: "The time that counsel spends preparing a habeas petition is simply not grounds for tolling the statutorily mandated one-year limitations period; to rule otherwise would invite protracted investigations that would eviscerate the plain meaning of 28 U.S.C. § 2244(d)." *Colwell*, 79 F. App'x at 93.

Similarly, in *Lawrence*, 549 U.S. at 327, the Supreme Court considered a claim that an attorney's miscalculation with regard to the filing deadline warranted equitable tolling. The Court concluded it did not, explaining:

> Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel. *E.g., Coleman v. Thompson*, 501 U.S. 722, 756-757 (1991).
>
> Third, Lawrence argues that his case presents special circumstances because the state courts appointed and supervised his counsel. But a State's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay. Lawrence has not alleged that the State prevented him from hiring his own attorney or from representing himself. It would be perverse indeed if providing prisoners with postconviction counsel deprived States of the benefit of the AEDPA statute of limitations. *See*, *e.g., Duncan*, 533 U.S., at 179 ("The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments").

*Lawrence*, 549 U.S. at 336-37. Based on *Lawrence*, the Sixth Circuit has concluded that a miscalculation by Michigan's legal writers program is not sufficient to warrant equitable tolling. *Burrell v. Place*, No. 15-2432, 2016 WL 2825283, at *1 (6th Cir. May 12, 2016); *see also Brown v. Bauman*, No. 2:10-cv-265, 2012 WL 1229397, at *11 (W.D. Mich. April 12, 2012).

Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations or, more accurately, he is not entitled to enough equitable tolling to render his filing timely.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, Petitioner does not claim that he is actually innocent, and even if he did, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

### IV.  Certificate of Appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d

466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

I believe that reasonable jurists would not find it debatable that the Court was correct in determining that Petitioner's petition was untimely and that Petitioner is not entitled to equitable tolling. Accordingly, I recommend that the Court decline to issue a certificate of appealability. Although I conclude that reasonable jurists would not debate the proposed resolution of Petitioner's claims, the issues are not frivolous. Therefore, an appeal could be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I recommend that a certificate of appealability be denied but that the Court not certify that an appeal would not be taken in good faith.

Dated: December 1, 2020  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).